**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN EDSTROM; et al., | No. 14-15337 |
| Plaintiffs - Appellants, | D.C. No. 3:13-cv-01309-MMC |
| v. | |
| ANHEUSER-BUSCH INBEV SA/NV; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted March 15, 2016
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Plaintiffs Steven Edstrom and eight other purchasers of beer appeal the

district court's dismissal of their action under Section 7 of the Clayton Antitrust

Act, seeking to enjoin the acquisition of Grupo Modelo S.A.B. de C.V. ("Modelo")

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

by Anheuser-Busch Inbev SA/NV ("ABI") and Constellation Brands, Inc. ("Constellation"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Plaintiffs failed to state a claim that the acquisition of Modelo violates Section 7 of the Clayton Antitrust Act. *See* 15 U.S.C. § 18; Fed. R. Civ. P. 12(b)(6). A Section 7 plaintiff "must first establish a prima facie case that a merger is anticompetitive." *Saint Alphonsus Med. Ctr.-Nampa Inc. v. St. Luke's Health Sys., Ltd.*, 778 F.3d 775, 783 (9th Cir. 2015). To establish a prima facie case, a Section 7 plaintiff generally must show that the challenged transaction would increase the concentration of firms in the relevant market. *See id.* at 785, 788 (citing *FTC v. H.J. Heinz Co.*, 246 F.3d 708, 716 (D.C. Cir. 2001)). Under the revised terms of the challenged transaction, ABI would purchase Modelo but grant Constellation an irrevocable, exclusive license to import Modelo brands into the United States. ABI may not reacquire its right to sell Modelo beer in the United States for a period of ten years. As a result, the challenged transaction does not increase ABI's market share or the concentration of the U.S. beer market. Therefore, Plaintiffs failed to plausibly allege a prima facie case that the challenged transaction is anticompetitive. *See id*.

Nor have Plaintiffs plausibly alleged that the challenged transaction permits ABI to control Constellation and thereby increase its market power. Plaintiffs

assert that ABI will make Constellation its "puppet" by providing Constellation operational support and supplies while it transitions control of Modelo's U.S. operations to Constellation. However, Plaintiffs did not allege how ABI's involvement with Constellation during this transition period would allow ABI to influence Constellation's prices or engage in any other anticompetitive conduct. For example, Plaintiffs did not allege how "consulting services in logistical matters" or "general administrative services" at the Piedras Negras brewery relate to Constellation's pricing of Modelo beer in the United States. Nor have Plaintiffs alleged how the prices ABI charges Constellation for raw materials and beer would affect the prices of beer Constellation sells to its customers. Without such "further factual enhancement," Plaintiffs' allegations about the anticompetitive effects of the operational relationship between ABI and Constellation "stop[] short of the line between possibility and plausibility of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration and internal quotation marks omitted).

Moreover, the transaction agreements render Plaintiffs' Section 7 claim implausible. These agreements contain several provisions designed to prevent ABI from influencing Constellation's pricing or other competitive decisions. For example, the Transition Services Agreement ("TSA") denies ABI the authority to

"to make any decisions with respect to the operation and expansion of the Piedras Negras Plant." The TSA further provides that confidential information "relating to pricing or sales is competitively sensitive" and requires ABI to implement procedures to prevent any disclosure of this information to employees "who have direct responsibility for marketing, distributing or selling [b]eer." Finally, the TSA and the Interim Supply Agreement set the prices for the raw materials and beer that ABI supplies to Constellation. Plaintiffs did not allege that these provisions would fail to prevent ABI from influencing Constellation's prices. Therefore, we may not infer that the transaction agreements would permit ABI to control Constellation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2.      The district court did not err by considering the transaction agreements in ruling on Defendants' motion to dismiss. In ruling on a Rule 12(b)(6) motion, a district court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Plaintiffs' complaint alleged the contents of the transaction agreements, and no party has questioned their authenticity. Therefore, the district court was within its discretion to consider the transaction agreements

without converting Defendants' Rule 12(b)(6) motion into a motion for summary judgment. *See id.*

3.    The district court did not abuse its discretion by denying leave to amend the complaint. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). In addition, "[t]he district court's discretion to deny leave to amend is particularly broad where a plaintiff previously has amended the complaint." *World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 690 (9th Cir. 2010). After two opportunities to amend their complaint, Plaintiffs failed to identify any additional factual allegations that could save their complaint from dismissal. Accordingly, the district court's decision to dismiss Plaintiffs' complaint without leave to amend was not an abuse of discretion.

4.    The district court did not abuse its discretion by denying Plaintiffs' motion for relief from judgment. Rule 60(b)(3) permits a district court to relieve a party from a final judgment only if the party "prove[s] by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878–79 (9th Cir. 1990) (citation omitted); *see* Fed. R. Civ. P. 60(b)(3). Plaintiffs did not prove by clear and convincing evidence that Defendants made any misrepresentations to the

district court. Accordingly, the district court was within its discretion to deny Plaintiffs' motion for relief from judgment.

**AFFIRMED.**